**VENABLE LLP**
Ari N. Rothman (SBN 296568)
*anrothman@venable.com*
Allison C. Nelson (SBN 319321)
*acnelson@venable.com*
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Defendant*
DON'T RUN OUT, INC.
d/b/a PUBLIC GOODS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAIANNE STARKS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DON'T RUN OUT, INC. d/b/a PUBLIC GOODS,<br><br>Defendant. | Case No.<br><br>Hon.<br>Courtroom<br><br>**DEFENDANT DON'T RUN OUT, INC. d/b/a PUBLIC GOODS' NOTICE OF REMOVAL**<br><br>[Riverside County Superior Court Case No. CVRI2400978]<br><br>Action Filed:       February 23, 2024<br>Complaint Served: April 23, 2024<br>Action Removed:  April 25, 2024<br>Trial Date:          None Set |

DEFENDANT DON'T RUN OUT, INC. d/b/a PUBLIC GOODS' NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Don't Run Out, Inc. d/b/a Public Goods hereby removes to this Court the above-referenced action from the Superior Court of the State of California for the County of Riverside.

### *Statement of the Case*

1. On February 23, 2024, plaintiff Shaianne Starks filed a complaint that commenced this action, individually and purportedly on behalf of all others similarly situated, in the Superior Court of the State of California for the County of Riverside captioned *Shaianne Starks v. Public Goods Group LLC* (Case No. CVRI2400978). The actual defendant in interest is Don't Run Out, Inc. d/b/a Public Goods. Plaintiff alleges that Public Goods violated California law by, among other things, allegedly charging consumers for subscriptions without disclosing the subscription terms. Public Goods denies liability, denies that plaintiff or any putative class member suffered any damages by reason of any allegation in the complaint, and denies that any class can or should be certified.

### *Removal Under Diversity of Citizenship*

2. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 such that this Court has subject matter jurisdiction over the dispute. 28 U.S.C. §§ 1332, 1441(b).

3. Plaintiff alleges that "Plaintiff is a resident of California" and "Defendant is a New York Company." (Compl. ¶¶ 11–12.) Public Goods is incorporated in Delaware and maintains its principal place of business in New York. As such, Public Goods is a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"). Accordingly, this action is between citizens

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

of different states as required for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because plaintiff is a California citizen while Public Goods is a Delaware and New York citizen.

4. The amount in controversy exceeds $75,000 notwithstanding that plaintiff does not allege a specific amount in controversy in her complaint.

5. Where the amount in controversy is not specified, courts look to the facts alleged in the complaint and the notice of removal. 28 U.S.C. § 1446(c)(2). Courts may receive extrinsic evidence to determine whether the amount in controversy is more likely than not to exceed $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[T]he amount-in controversy inquiry in the removal context is not confined to the face of the complaint.").

6. Plaintiff claims she is entitled to "attorneys' fees and litigation costs to Plaintiff and the other members of the Class." (Compl., Request for Relief (e).) Attorneys' fees are properly considered in determining whether the amount in controversy requirement is met. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir 1998)).

7. Plaintiff's claim for punitive damages also is properly considered. (Compl. ¶ 59.) "In determining the jurisdictional amount in controversy for diversity jurisdiction, both compensatory and punitive damages must be considered to the extent they are recoverable and to the extent claimed." *Tiesing v. Wal-Mart Stores, Inc.*, No. S-07-1281 LKK GGH PS, 2008 U.S. Dist. LEXIS 14468, at *3 (E.D. Cal. Feb. 25, 2008); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages are included in the amount in controversy).

8. Plaintiff's damages are unspecified but appear to comprise one charge of $69.00. (Compl ¶ 11.) However, plaintiff's attorneys' fees and costs will exceed $75,000 through trial. *Balsam v. Trancos*, 203 Cal. App. 4th 1083, 1104 (2012) (affirming fee award of $81,900.00 and rate per hour of $400 as reasonable in case

where plaintiff recovered $7,000.00 in liquidated damages for Cal. Bus. & Prof. Code claim).

9. In 2023, plaintiff's counsel's firm charged an average hourly rate of approximately $800, which included time incurred by one of the attorneys appearing in this action (Zachary M. Crosner). (Exhibit 1, Fees Declaration at ¶ 10.) At that rate, plaintiff's counsel will only need to spend about 94 hours between now through trial for their client to incur more than $75,000 in fees because this case will involve fact discovery including document review and analysis, fact and expert depositions, class certification and summary judgment briefing, and pretrial and trial proceedings. Thus, plaintiff's attorneys' fees, alleged actual damages and claim for punitive damages will exceed the jurisdictional minimum of $75,000. Public Goods disputes liability and that plaintiff is entitled to any damages, and reserves all rights to dispute plaintiff's entitlement to attorneys' fees and the amount sought, if any.

### *Removal Under the Class Action Fairness Act*

10. This action is properly removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because: (i) it is a purported class action; (ii) the putative class exceeds 100 individuals; (iii) the plaintiff is a citizen of a state different from the defendant ; (iv) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs; and (v) none of the exceptions to removal under CAFA apply. 28 U.S.C. § 1332(d).

11. This case is a purported class action. (Compl. ¶¶ 10, 37.)

12. Plaintiff alleges that "the Class consists of at least 100 members." (Compl. ¶ 41.)

13. Plaintiff alleges that she is a resident of California and that Public Goods "is a New York company." (Compl. ¶¶ 11–12.) Public Goods is incorporated in Delaware and maintains its principal place of business in New York. As such, Public Goods is a citizen of Delaware and New York. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which

3
DEFENDANT DON'T RUN OUT, INC., d/b/a PUBLIC GOODS' NOTICE OF REMOVAL

it has been incorporated and of the State or foreign state where it has its principal place of business…"). Therefore, plaintiff is a citizen of a different state than Public Goods, the only defendant in this case, meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)(A).

14. The amount in controversy in this putative class action as set forth in plaintiff's complaint exceeds $5,000,000. Plaintiffs' requests for compensatory damages, punitive damages, restitution, injunctive relief, and attorneys' fees are all properly considered in determining whether the amount in controversy requirement is met. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F. 3d 785, 793 (9th Cir. 2018).

15. Plaintiff seeks, among other things, "restitution from Defendant of all money obtained from Plaintiff and the other Class Members as a result of unfair competition" in connection with her claim for violation of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. (Compl. ¶ 51.) In her complaint, plaintiff defines the purported class as "All persons in California who enrolled in Defendant's automatically renewing subscription service for personal, family, or household purposes and who, within the applicable statute of limitations period, incurred and paid fees in connection with each such subscription." (Id. ¶ 37.) The statute of limitations on plaintiff's Section 17200 claim is four years. Cal. Bus. & Prof. Code § 17208. Thus, plaintiff seeks restitution for herself and for all persons in California who incurred and paid automatic renewal fees in connection with subscriptions on Public Goods' website in the past four years.

16. Plaintiff also claims she is entitled to "attorneys' fees and litigation costs to plaintiff and the other members of the Class." (Compl., Request for Relief (e).) Courts in the Ninth Circuit regularly hold that attorneys' fees estimates calculated as 25% of the total relief sought are appropriate. *Fritsch*, 899 F. 3d at 793. Additionally, courts may consider evidence of the amount in fees plaintiff's counsel has sought in other cases. *Id.*; *Greene v. Harley-Davidson, Inc.*, 965 F. 3d 767, 774

n.4 (9th Cir. 2020) (noting defendant's calculation of attorneys' fees as 25% of compensatory and punitive damages was reasonable where plaintiff's counsel sought 35% in a similar case).  Plaintiff's counsel here has sought attorneys' fees in the amount of 33.3% of the gross settlement amount in other class action matters. (Exhibit 2, Fees Declaration, ¶ 51.)  Thus, here they are likely to seek attorneys' fees in the amount of 33.3% of the total relief.

17.   Plaintiff also seeks "actual, punitive, and statutory damages" under the CLRA. (Compl. ¶ 59.)  "[A] defendant satisfies the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount." *Greene*, 965 F. 3d at 772.  "One way to meet this burden is to cite a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the defendant in its removal notice." *Id.*  Courts in the Ninth Circuit have applied a 2:1 or greater punitive-compensatory damages ratio for claims brought under the California Consumer Legal Remedies Act (the "CLRA"), Cal. Bus. & Prof. Code §§ 17500 *et seq. See, e.g.*, *Aseltine v. Panera, LLC*, No. 21-CV-04284-JST, 2021 WL 8267421, at *5 (N.D. Cal. Dec. 13, 2021) (2:1 punitive-compensatory damages ratio appropriate for purposes of determining amount in controversy upon removal under CAFA in case involving CLRA claim).  Plaintiff here asserts a claim under the CLRA, and plaintiff's counsel represented during a conference with undersigned counsel that plaintiff will seek more than triple compensatory damages.  Thus, at minimum a 2:1 punitive-compensatory damages ratio applies here for purposes of determining the amount in controversy.

18.   Plaintiff also seeks injunctive relief, including an order that Public Goods "engage in a corrective advertising campaign." (Compl. ¶¶ 10, 40, 44, 51, Request for Relief (c).)  The amount in controversy under CAFA includes injunctive relief which is calculated by determining either the "costs of complying with an

injunction" or the plaintiff's benefit from an injunction. *Fritsch*, 899 F. 3d at 793; *In re Ford Motor Co.*, 264 F.3d 952 (9th Cir. 2001).

19. The amount in controversy exceeds $5,000,000 taking into account plaintiff's requests for restitution (refunds of subscription fees) on behalf of herself and all class members, punitive damages calculated at a 2:1 ratio to the restitutionary relief, and attorneys' fees calculated at 25% of plaintiff's total requested relief. Given that the amount in controversy exceeds $5,000,000 even without considering the costs of complying with an injunction, Public Goods does not now address the cost of complying with the requested injunction but reserves the right to do so if needed to confirm this Court's subject matter jurisdiction under CAFA.

20. Neither of the two mandatory exceptions set forth in 28 U.S.C. § 1332(d)(4) requiring this Court to decline jurisdiction under CAFA applies here.

21. First, the local controversy exception set forth in 28 U.S.C. § 1332(d)(4)(A) does not apply.

    a. Under the local controversy exception, the "principal injuries resulting from the alleged conduct or any related conduct of each defendant" must be "incurred in the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(III).

    b. The local controversy exception does not apply where "defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several states." *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF(JTLX), 2005 WL 3967998, at *12 (C.D. Cal. Nov. 21, 2005 (quoting S. Rep. No. 109-14 at 40–41). Thus, federal district courts in the Ninth Circuit consider whether the conduct alleged in the complaint could have caused harm to people or places nationwide. *Marino v. Countywide Fin. Corp.*, 26 F. Supp. 3d 949, 954–55 (C.D. Cal. 2014).

      c.    This is not a local controversy.  Here, plaintiff premises her complaint on nationwide conduct, as she alleges in her complaint that Public Goods' alleged wrongful conduct applies to "all customers who purchase any product on its website." (Compl. ¶ 12.) Public Goods' website, publicgoods.com, is advertised and made available nationwide.  Plaintiff does not allege that the allegedly wrongful acts are targeted at California over any other state, or that the principal injuries were sustained only in California.  Thus, the local controversy exception does not apply.

22.    Second, the home state controversy exception set forth in 28 U.S.C. § 1332(d)(4)(B) does not apply.

      a.    The home state controversy exception applies where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

      b.    Here, plaintiff seeks to represent a class comprising "All persons in California who enrolled in Defendant's automatically renewing subscription service for personal, family, or household purposes and who, within the applicable statute of limitations period, incurred and paid fees in connection with such subscription." (Compl. ¶ 37.) Public Goods is the only defendant but is not a California citizen. This complete diversity of citizenship renders the exception set forth in 28 U.S.C. § 1332(d)(4)(B) inapplicable.

23.    The discretionary exceptions set forth in 28 U.S.C. § 1332(d)(3) do not permit declining jurisdiction over this lawsuit.

      a.    A court may decline to exercise jurisdiction "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary

defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3).

b.  Here, plaintiff seeks to represent only California class members. (Compl. ¶ 37.)  Thus, *more* than two-thirds of the members of all proposed plaintiff classes in the aggregate are California citizens. Additionally, Public Goods is a citizen of Delaware and New York. These facts, alone and in combination, render the discretionary exception set forth in 28 U.S.C. § 1332(d)(3) inapplicable.

### *Procedural Requirements for Removal Are Met*

24.  This notice of removal is timely filed under 28 U.S.C. § 1446. Public Goods was served on April 23, 2024, with the complaint filed in this case. The filing of this notice of removal, therefore, is timely because Public Goods is filing it "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

25.  Public Goods is filing herewith true and correct copies of the state court filings it has obtained, including copies of all process, pleadings, and orders.  *See* Exhibit 3 (Complaint); Exhibit 4 (Summons); Exhibit 5 (Civil Case Cover Sheet); Exhibit 6 (Certificate of Counsel); Exhibit 7 (Notice of Case Management Conference); Exhibit 8 (Class Action Case Management Order #1); Exhibit 9 (Notice of Department Assignment); Exhibit 10 (Minute Order – Court Ruling re: Class Action Case Management Order #1); Exhibit 11 (Alternative Dispute Resolution (ADR) – *INFORMATION PACKAGE*); Exhibit 12 (Notice and Acknowledgement of Receipt).

26.  Pursuant to 28 U.S.C. § 1446(d), Public Goods is filing with the clerk of the Superior Court of the State of California for the County of Riverside, and serving upon plaintiff a Notice to Adverse Party and State Court of Removal of Action to Federal Court.  Proof of the same will be filed with this Court.

27. Public Goods has complied with 28 U.S.C. § 1446(b)(2)(A) insofar as there are no other defendants that must join in or consent to removal. No previous application has been made for the relief requested herein.

28. The notice of removal has been signed pursuant to Fed. R. Civ. P. 11.

29. Public Goods reserves the right to amend or supplement this notice of removal.

30. If plaintiff seeks to remand this case to state court, Public Goods respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding the case. If the Court decides that remand is proper, Public Goods asks that the Court retain jurisdiction and allow Public Goods to file a motion asking this Court to certify any remand order for review by the Ninth Circuit pursuant to 28 U.S.C. § 1292(b).

### *Conclusion*

31. Based on the foregoing, Public Goods removes the Riverside County Superior Court action to this Court.

Dated: April 25, 2024              VENABLE LLP

By: /s/ Ari N. Rothman
Ari N. Rothman
Allison C. Nelson
*Attorneys for Defendant*
DON'T RUN OUT, INC. d/b/a PUBLIC GOODS

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2300, Los Angeles, CA 90067.

On **April 25, 2024**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT DON'T RUN OUT, INC. d/b/a PUBLIC GOODS' NOTICE OF REMOVAL** on the interested parties in this action addressed as follows:

Craig W. Straub
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
craig@crosnerlegal.com

Michael T. Houchin
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
mhouchin@crosnerlegal.com

Zachary M. Crosner
**CROSNER LEGAL, P.C.**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
zach@crosnerlegal.com

*Attorneys for Plaintiff*
SHAIANNE STARKS

☑     By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑     **BY MAIL (FRCP 5(b)(2)(C)):** I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2300, Los Angeles, California, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **April 25, 2024**, at Los Angeles, California.

_____
Jessica B. Jaramillo

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900