# Exhibit 1

Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
Jamie Serb (289601)
jamie@crosnerlegal.com
Chad Saunders (SBN 257810)
chad@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd., Ste. 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429


Attorneys for Plaintiff Lori Johnson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI JOHNSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INSULET CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No.:  2:20-cv-05418-VAP-KES<br><br>**DECLARATION OF ZACHARY M. CROSNER IN SUPPORT OF MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT COLLECTIVE ACTION SETTLEMENT**<br><br>Date:  May 8, 2023<br>Time: 2:00 p.m.<br>Ctrm: 6A, 6th Floor<br><br>Hon. Virginia A. Phillips |

## **DECLARATION OF ZACHARY M. CROSNER**

1. I am an attorney duly licensed to practice in California and before this Court, and I am the principal of Crosner Legal, P.C., counsel of record for Plaintiff Lori Johnson in the above-captioned matter. I make this declaration in support of Plaintiff's Motion for Approval of Fair Labor Standards Act Collective Action Settlement. If called to testify as to the within facts, I could and would competently do so.

2. Attached hereto as Exhibit 1 is a true and correct copy of the Settlement Agreement. Attached to the Settlement Agreement are the following Exhibits:

    A. Class list (we requested an unredacted copy from Defendant but have not received a response of the date this motion was filed);

    B. Proposed Class Notice;

    C. Proposed Claim Form; and

    D. [Proposed] Order.

3. As part of the settlement process in this matter, my office employed as experts Berger Consulting Group to review, analyze, and determine potential damages based on information and data from Plaintiff and from Defendant Insulet Corporation. Using that data and the commissions paid and overtime hours worked for a sampling of Class Members, Berger Consulting calculated a net of approximately $3,002 in unpaid overtime for the sampling, as set forth below.

| Employee ID | Number of Monthly Commission Payments | Number of Quarter Commission Payments | Sum of Commission Payments | Sum of Overtime Payments | Underpayment due to Not Including Commissions into the Regular Rate |
|---|---|---|---|---|---|
| 986 | 29 | 18 | $67,063 | $43,045 | $2,064 |

| | | | | | |
|---|---|---|---|---|---|
| 1633 | 6 | 3 | $10,795 | $10,384 | $664 |
| 2268 | 4 | 0 | $1,666 | $260 | $11 |
| 2494 | 21 | 0 | $5,508 | $7,683 | $167 |
| 888178 | 42 | 0 | $14,839 | $6,909 | $311 |
| | | | | **Total OT Owed** | **$3,217** |
| | | | | | |
| | | | | **Total Paid OT Premiums** | **$215** |

| | |
|---|---|
| **Overall Damages (for sample, excluding interest)** | |

From these calculations we then extrapolated the estimated total amount of unpaid overtime for the entire class, and factored in the potential additional amounts for liquidated damages and a three-year statute of limitation based on the assumption that Insulet's conduct was willful within the meaning of the FLSA.

4. I am a 2010 graduate of University San Diego School of Law. I have eleven years of experience as a practicing attorney, all of which have focused on litigation of employment, labor law, consumer, and class action claims. Following my graduation, I immediately began working for a nationally recognized plaintiff's complex litigation firm, CaseyGerry, where I had the fortune of working directly with past presidents of the consumer attorneys and recipients of trial attorneys of the year awards. I also worked for former CAALA and CLAY trial attorney of the year recipient, attorney Conal Doyle, as his sole associate attorney. During my tenure at these firms, I focused on advocating for the rights of consumers and employees in class action litigation, civil rights and employment litigation, catastrophic injuries, insurance bad faith and appellate litigation.

5. In 2013, I founded the law firm of Crosner Legal, P.C. which since its inception has focused almost exclusively on wage and hour class actions and other

labor and employment law cases representing plaintiffs. Currently, over ninety percent (90%) of my practice is dedicated exclusively to the prosecution of wage and hour class actions, and my law firm is currently responsible as lead counsel or co-lead counsel for prosecuting well over fifty (50) wage and hour class actions and/or PAGA representative actions in both federal and state courts throughout California.

6. I am currently an executive board member of the Wage and Hour Committee and the Legislative Committee for the California Employment Lawyers Association; a member of the Grassroots Advocacy Team for the National Employment Lawyers Association; Wage and Hour Committee member and Class Action Committee member for the National Trial Lawyers; a member of the American Association for Justice; and member of the Pound Civil Justice Institute. I have also been selected for 2018-20 by Super Lawyers as a "Southern California Rising Star" for employment and labor law.

7. Michael Crosner has over 50 years of experience as a practicing litigation attorney. He began his legal career as a litigation attorney at the Los Angeles City Attorney's Office where he successfully tried approximately 75 cases to jury verdict or judgment. Shortly thereafter, he founded Michael R. Crosner Law Corporation. Throughout his years in private practice, he has handled many plaintiff side complex litigation cases and arbitrations in various areas of law, such as consumer advocacy, catastrophic injury, labor and employment, business disputes, immigration, and criminal defense. He is presently "of counsel" to Crosner Legal, P.C. where he directly and fully participates in wage and hour class actions, representative actions brought under the Private Attorneys' General Act of 2004 ("PAGA"), and other employment and labor law cases. In 2015, he was appointed to be a Board Member of Law360's Employment Law Editorial Advisory Committee. He has served as a private mediator and panel arbitrator with the American Arbitration Association, and as judge pro tem. He has also been

retained as a special contract attorney for the City of Santa Monica where he handled selected litigation and appeals.

8. Chad Saunders has more than 10 years' experience handling plaintiff-side employment class actions and individual cases, including wage and hour disputes and discrimination claims. His practice focuses on class and collective actions as well advocating on behalf of employees who have not been provided with reasonable accommodations for their mental and physical disabilities. He received his J.D. from New College of California School of Law in 2008, and a B.A. in Philosophy from the University of Maryland Baltimore County in 2001.

9. Crosner Legal, P.C. has obtained several multi-million dollar wage and hour class action settlements while serving as lead class counsel in recent years, including but not limited to a $1.9 million wage and hour class action settlement in 2015 (*Smith v. Lux Retail North America, Inc.*, Case No. 3:13-cv-01579-WHA (N.D. Cal.)); a $4.1 million wage and hour class action settlement in 2016 (*Aguirre v. Mariani Nut Company, Inc. et al.*, Case No. 34- 2016-00190252 (Sacramento Cty. Super Ct.)); a $1.35 million wage and hour class action settlement in 2017 (*Montelone v. Ocean Cities Pizza, Inc.*, Case No. 56-2014-00458249 (Ventura Cty. Super. Ct.)), a $1.8 million wage and hour class action settlement in 2018 (*Latham v. K.W.P.H. Enterprises, Inc. dba American Ambulance*, Case No. 17C-0162 (Kings Cty. Super Ct.)), a $1.3 million wage and hour class action settlement in 2019 (*Means, et al. v. AirGas USA, LLC*, Case No. 17-CV-2160 JGB (C.D. Cal.)), a $1.5 million wage and hour settlement in 2020 (*Babouchian, et al. v. Wyndham Vacation Ownership, et al.*, Case No. CV18-14601 (San Diego Cty. Super. Ct.), a $1.15 million wage and hour class action settlement in 2020 (*Buford v. Medical Solutions LLC*, Case No. 4:18-CV-04864-YGR (N.D.Cal.)); a $2.2 million wage and hour class action settlement in 2021 (*Ghorchian, et al. v. West Hills Hospital, et al.,* Case No. LS029737 (Los Angeles Super. Ct.)); a $2.85 million dollar wage and hour settlement in 2021 (*Valencia v.*

- 4 -

*The Original Mowbray's Tree Service, Inc.*, Case No. CIVDS1825518 (San Bernardino Super. Ct.)); and a $1 million wage and hour class action settlement in 2022 (*Duong v. Loan Factory, Inc.*, Case No. 21CV382467 (Santa Clara County Super. Ct.)); a $1.4 million wage and hour class action settlement in 2023 in *Correa, et al. v. FedEx Supply Chain, Inc.*, Case No. CIVDS2023369 (San Bernardino Cty. Super. Ct.), and a $2.38 million wage and hour class action settlement in 2023 in *Michel, et al. v. Valley Thrift Store, Inc.*, Case No. 21STCV00925 (Los Angeles Cty. Super. Ct.).

      10.    Crosner Legal's total attorney's fees amount to $84,950.00, based on 106.5 attorney hours spent litigating the case. A true and correct summary of my firm's hours is attached hereto as Exhibit 2. As compared to the base lodestar, the fees requested on a percentage of the recovery basis are lower and, accordingly, there is no request for a lodestar modifier.

      11.    Crosner Legal's total costs and expenses in prosecuted this matter are itemized below:

| Expense Category | Amount |
|---|---|
| | |
| Mediation Fees | $6,400.00 |
| Court Filing Fees/ Service of Process/Attorney Service | $1,612.40 |
| Expert fees | $2,600.00 |
| Postage/Overnight/Fax | $36.65 |
| Photocopying | (waived) |
| Legal Research Charges | (waived) |
| | |
| **TOTAL COSTS** | **$10,649.05** |

      12.    The above final costs of $10,649.05 are slightly higher than the amount provided for in the Settlement Agreement and I therefore respectfully request the Court approve payment of only $10,626.61 in litigation costs and expenses to my firm consistent with the terms of the settlement.

1    I declare under penalty of perjury under the laws of the United States that

2 the foregoing is true and correct.  Executed this 23rd  day of March 2023, at Los

3 Angeles, California.

4

5           Declarant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

# EXHIBIT 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI JOHNSON, on behalf of herself and others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>INSULET CORPORATION, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>         Defendants. | Case No. 2:20-cv-05418-VAP-KES |

## SETTLEMENT AGREEMENT

The Parties to this Civil Action enter into this Agreement concerning the amicable resolution of this Civil Action, subject to approval by the Court.

## 1    DEFINITIONS

The terms set forth below shall have the meanings defined herein wherever used in this Agreement (including its exhibits).

**1.1**    "Agreement" means this written Settlement Agreement, which sets forth the terms of the settlement and final amicable resolution of this Civil Action.

**1.2**    "Civil Action" means the above-captioned action, inclusive of the claims asserted therein pursuant to the Fair Labor Standards Act ("FLSA"), the California Business and Professions Code (Bus. & Prof. Code §§ 17200, et seq.), the

California Labor Code (Cal. Labor Code §§ 1 194; 226.7; 201), and IWC Wage Orders.

**1.3** "Court" means the United States District Court for the Central District of California (Judge Virginia A. Phillips, presiding).

**1.4** "Named Plaintiff" means Lori Johnson.

**1.5** "Class Representative" means Named Plaintiff.

**1.6** "Class Members" means Named Plaintiff and those individuals who worked for Defendant Insulet Corporation as non-exempt employees in any position, however titled, paid by commission, in whole or in part, at any time within:

      **a)** the three years prior to the filing of the initial complaint ("FLSA Opt-in Class Members");

      **b)** the four years prior to the filing of the initial complaint who worked in California ("State Class Members");

and who timely submit a consent form. The Class Members are identified by unique identification number on **Exhibit A**.

**1.7** "Class Counsel" means Crosner Legal, P.C. (9440 Santa Monica Blvd., Suite 301, Beverly Hills, California 90210)

**1.8** "Defendant" means Insulet Corporation ("Defendant" or "Insulet").

**1.9** "Defense Counsel" means Littler Mendelson, P.C.

2

**1.10** "Parties" means Named Plaintiff [in her own capacity as well as in her capacity as Class Representative (on behalf of herself and all Class Members)], and Defendant.

**1.11** "Settlement Administrator" means Phoenix Settlement Administrators.

**1.12** "Approval Order" means the order form identified at **Exhibit D** to be entered by the Court approving the terms of this Agreement, including approving the Class Notice and Claim Form and authorizing the mailing of the Class Notice and Claim Form to the Class Members; setting a deadline (the Bar Date) for the execution and return of Claim Forms; dismissing the Civil Action on the merits and with prejudice and barring all members of the Final Settlement Class from prosecuting Released Claims against Released Parties; and retaining jurisdiction to enforce the Agreement.

**1.13** "Class Notice" means the notice in the form of **Exhibit B** to be directed to the Class Members, excluding Named Plaintiff. The purpose of the Class Notice is to inform Class Members about the Civil Action and this Agreement.

**1.14** "Claim Form" means the form identified at **Exhibit C** to be returned by Class Members who wish to become members of the Final Settlement Class and participate in this Agreement.

**1.15** "Bar Date" means the date that is sixty (60) days after the date on which the Settlement Administrator first mails the Class Notice and Claim Forms

to the Class Members. The Bar Date is the date on which the Settlement Administrator must receive an individual Class Member's Claim Form in order for such document to be considered timely.

    **1.16** "Final Settlement Class" means Named Plaintiff and any Class Member who timely submits a properly completed Claim Form within the specified period in accordance with the requirements of this Settlement Agreement.

    **1.17** "Effective Date" means the date upon which all of the following have occurred in the Civil Action: (a) entry of the Approval Order dismissing the Civil Action with prejudice and entering judgment in accordance with the terms of this Agreement; and (b) the expiration of the appeal rights of the Parties and Class Members (which, if no timely notice of appeal is filed, shall be deemed to be 35 days following entry of the order dismissing the Civil Action with prejudice and entering judgment in accordance with the terms of this Agreement, and if a timely notice of appeal is filed, shall be deemed to be 5 days following the expiration of all such appeals and related proceedings without any material alteration of the terms of the Approval Order); (c) the Bar Date has passed; and (d) Class Counsel files the list of Final Settlement Class members with the Court as provided in Section 3.8.

    **1.18** "Released Parties" means: (a) Insulet Corporation; and (b) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, general partners, limited

partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all persons acting by, through, under or in concert with, any of the entities identified in subsections (a) and (b) of this section.

**1.19** "Released Claims" means any and all claims, demands, and causes of action arising at any time prior to the date on which the Court enters the Approval Order as an Order of Court: (a) that were asserted or that could have been asserted in the Civil Action based on the facts alleged in the complaint; (b) for unpaid wages (including, but not limited to, claims for minimum wage and overtime compensation); and/or (c) for liquidated damages, interest, penalties, attorney's fees, expenses, costs, and any other relief otherwise available under the FLSA or any state, federal or local laws governing wages or the payment of wages.

**1.20** "Maximum Gross Settlement Amount" means the maximum amount of money to be paid by Defendant in connection with this Agreement (inclusive of employer share of payroll taxes on those portions of the Class Settlement Amount payments allocated to wages). The Maximum Gross Settlement Amount is $112,500. Under no circumstances shall Defendant be required to pay more than the Maximum Gross Settlement Amount in connection with the settlement of the Civil Action. The Maximum Gross Settlement Amount shall be allocated to the Class

Settlement Amount, the Service Payment Allocation, the Attorney's Fees Payment, the Attorney's Expenses Payment, and the Administrative Costs, as follows:

a)        The "Class Settlement Amount" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $62,748.39) to be paid to and/or on behalf of the Class Members in exchange for their release of claims against the Released Parties and for their other agreements as set forth in this Agreement. The Class Settlement Amount shall be allocated among the individual Class Members as set forth in **Exhibit A** (each allocation is inclusive of the employer share of payroll tax attributable to that individual Class Member's amount designated as wages), which Class Representative and Class Counsel represent reflects a fair and reasonable allocation based on alleged hours worked by the Class Members, as determined based upon their review and assessment of the evidence obtained through discovery conducted in this Civil Action, and subject to a minimum payment of $50.

b)        The "Service Payment Allocation" means that portion of the Maximum Gross Settlement Amount (up to a total of no more than $5,000) to be paid to the Named Plaintiff in accordance with the Approval Order and subject to Court approval, in exchange for her services on behalf of the Class Members in this Civil Action. In connection with the submission of the motion seeking entry of the Approval Order, Class Counsel will seek an award of the Service Payment

Allocation for the Named Plaintiff; Defendant will not oppose this request. The Parties agree that the Settlement Administrator shall issue the Settlement payment for Named Plaintiff made payable to "Lori Johnson" directly to Class Counsel.

   **c)**   The "Attorney's Fees Payment" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $28,125.00) to be paid to Class Counsel in accordance with the Approval Order and subject to Court approval, as attorney's fees incurred in the Civil Action. In connection with the submission of the motion seeking entry of the Approval Order, Class Counsel will seek an award of the Attorney's Fees Payment for Class Counsel; Defendant will not oppose this request.

   **d)**   The "Attorney's Expenses Payment" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $10,626.61) to be paid to Class Counsel in accordance with the Approval Order and subject to Court approval, for litigation costs and expenses incurred by Class Counsel in this action, including, for example, costs and expenses associated with mediation, travel and lodging, filing fees and postage. In connection with the submission of the motion seeking entry of the Approval Order, Class Counsel will seek an award of the Attorney's Expenses Payment to Class Counsel; Defendant will not oppose this request.

e)       The "Administrative Costs" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $6,000) to be paid to the Settlement Administrator for the administrative services it will provide under this Agreement. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the settlement. In connection with the submission of the motion seeking entry of the Approval Order, Class Counsel will seek an award of the Administrative Costs to the Settlement Administrator; Defendant will not oppose this request.

f)       The total of the Class Settlement Amount, the Service Payment Allocation, the Attorney's Fees Payment, the Attorney's Expenses Payment, and the Administrative Costs, shall not exceed the Maximum Gross Settlement Amount. In no event shall Defendant be required to pay more than the Maximum Gross Settlement Amount in satisfaction of its obligations under this Agreement; if the total of Defendant's obligations are determined to exceed the Maximum Gross Settlement Amount, then all payment obligations under this Agreement shall be reduced on a pro rata basis until the total obligation is no more than the Maximum Gross Settlement Amount.

g)       If the Court awards less than the amounts set forth above as the Service Payment Allocation, the Attorney's Fees Payment, the Attorney's Expenses

Payment, and/or the Administrative Costs, this shall not provide a basis for voiding this Agreement or objecting to or appealing from the Approval Order. Rather, any such difference shall be re-allocated to the Class Settlement Amount (for the benefit of the Class Members) on a pro-rata basis. Named Plaintiff and Class Counsel expressly waive any rights that they may have to recover any other service payments, attorney's fees, costs and/or expenses relating to the Civil Action, other than what the Court awards in connection with its Approval Order.

**2      RECITALS**

**2.1**      Named Plaintiff brought this Civil Action under the FLSA and the California Business and Professions Code, the California Labor Code, and IWC Wage Orders, on behalf of herself and other individuals who worked for Defendant as non-exempt employees in any position, however titled, paid by commission, in whole or in part, and are allegedly owed wages (including overtime compensation). In this Civil Action, Named Plaintiff and the Class Members seek, *inter alia*, unpaid overtime wages, liquidated damages, interest, attorney's fees, expenses and costs.

**2.2**      Defendant denies the allegations in the Civil Action. Defendant states that it properly paid its non-exempt employees in compliance with the FLSA, the California Labor Code, and IWC Wage Orders, and any other federal, state, or local wage law. Defendant further contends that Named Plaintiff and the Class Members are not "similarly situated" to one another with respect to the claims in this Civil

Action, and that they are not entitled to pursue their claims in a class action pursuant to Rule 23 or as a collective action pursuant to the FLSA. Nonetheless, Defendant agreed to the terms of this Agreement because it will: (a) avoid the further expense and disruption of business due to the pendency and expense of this litigation; and (b) put the claims asserted in the Civil Action to rest.

**2.3** This Agreement reflects a compromise of disputed claims. Nothing in this Agreement shall be deemed or used as evidence of, or as an admission of, liability by Defendant or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that, or as an admission that, this Civil Action should be certified or otherwise may proceed as a class action under Rule 23 or collective action under the FLSA for any purpose other than settlement.

**2.4** It is the desire of Named Plaintiff and the members of the Final Settlement Class to fully, finally, and forever settle, compromise, and discharge all disputes for any cause of action, claims, debts, contracts, agreements, obligations, liabilities, suits, losses, or demands whatsoever for unpaid wages (including, but not limited to, overtime compensation), liquidated damages, interest, attorney's fees, expenses and costs, and any other relief under the FLSA, the California Labor Code, and IWC Wage Orders, as well as any similar federal or local law, regulation, statute or ordinance governing the payment of wages.

2.5    It is the intention of the Parties that this Agreement shall constitute a full and complete settlement and release of all Released Claims as defined in Section 4 herein against all Released Parties.

2.6    In exchange for (a) the dismissal of the Civil Action with prejudice; (b) the settlement and release of all Released Claims as defined in Section 4 herein against all Released Parties; and (c) otherwise subject and pursuant to the terms and conditions of this Agreement, Defendant agrees to pay an amount not to exceed the Maximum Gross Settlement Amount.

2.7    The Parties shall cooperate in the formal steps necessary to carry out the terms set forth in this Agreement, which is subject to approval by the Court.

## 3    APPROVAL, NOTICE AND PAYMENT PROCEDURES

3.1    The Parties shall seek Court approval of this Agreement. The Parties agree that Named Plaintiff will file with the Court, if possible no later than fourteen (14) days following the date on which this Agreement is executed by all Parties, a motion for entry of the Approval Order. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defense Counsel, which shall not be unreasonably withheld.

3.2    Not later than fourteen (14) days after the Effective Date, Defense Counsel shall provide the Settlement Administrator with an Excel chart listing the names and last known mailing addresses of the Class Members listed in **Exhibit A**.

**3.3**     Within fourteen (14) days after receipt of the Class Member information from Defense Counsel, the Settlement Administrator shall mail Class Notice and a Claim Form to each Class Member. Prior to mailing, the Settlement Administrator shall attempt to confirm the accuracy of the addresses of the Class Members through the United States Post Office's National Change of Address database. All mailings by the Settlement Administrator shall be by first class mail. If a Class Notice and Claim Form is returned as undeliverable, the Settlement Administrator will perform one skip trace and resend by first class mail the Class Notice and Claim Form once only to those Class Members for whom it obtains more recent addresses. In the event a current address is not identified, the Class Notice and Claim Form shall be deemed undeliverable, and the funds allocated to such Class Members shall be reallocated to the other Class Members on a pro-rata basis.

**3.4**     The Settlement Administrator shall mail a Class Notice and Claim Form to any Class Member who contacts the Settlement Administrator during the time period between the initial mailing of the Class Notice and the Bar Date and requests that a Class Notice and Claim Form be re-mailed. Class Counsel may respond to inquiries they receive from Class Members regarding this Agreement, although they may not initiate any contact prior to the Bar Date with Class Members, notwithstanding Named Plaintiff. Nothing in this Agreement shall be construed to prevent Defendant from communicating with their employees or responding to

inquiries from their employees regarding any matter, including the Civil Action or this Agreement. However, neither Defendant nor Defendant's Counsel shall discourage Class Members from joining the Civil Action for the purposes of this Settlement.

3.5     If any Class Members (other than Named Plaintiff) desires to become a member of the Final Settlement Class, that individual must properly complete and submit the applicable Claim Form for receipt by the Settlement Administrator on or before the Bar Date, as directed in the Class Notice.

3.6     In the event a Class Member submits a Claim Form in a timely manner (*i.e.*, received by the Settlement Administrator on or before the Bar Date), but the document is incomplete or otherwise deficient in one or more aspects, the Settlement Administrator will (no later than ten business days following the Bar Date) return the deficient document to the individual with a letter explaining the deficiencies and stating that the individual will have fourteen calendar days from the date the deficiency notice is mailed to the Class Member to correct the deficiencies and resubmit the document. The envelope containing the corrected and resubmitted document must be postmarked within fourteen days of the date the deficiency notice is mailed to the individual to be considered timely. The Settlement Administrator's decision on whether the deficiency has been remedied shall be binding on the Parties and the individual Class Member.

3.7     As soon as practicable following the Bar Date and the resolution of any

deficient submissions, the Settlement Administrator shall certify jointly to Class

Counsel and Defense Counsel a list of all Final Settlement Class members,

indicating for each member of the Final Settlement Class, the total payment due on

account of that individual's membership in the Final Settlement Class (identifying

the amount allocated to wages, the amount allocated to non-wage income, and the

amount of the employer's share of payroll taxes). The Settlement Administrator's

report shall also state the total amount needed to satisfy Defendant's funding

obligations under this Agreement. The Settlement Administrator shall also provide

Defense Counsel with: (a) an updated address list for the Class Members; and (b)

wire instructions and any other information needed to facilitate the transfer of funds.

3.8     After the Settlement Administrator provides all of the information

required by Section 3.7, Class Counsel will file with the Court a list of all Final

Settlement Class members (names only). For each of the Final Settlement Class

members, the filing of that list shall be deemed to constitute a written consent to join

the Civil Action as a party plaintiff pursuant to 29 U.S.C. § 216(b). The Settlement

Administrator will also provide the copies of the executed Claim Forms to Defense

Counsel, with a copy to Class Counsel. Class Counsel and Defense Counsel retain

the right to file such Claim Forms with the Court.

**3.9** Within fourteen days of the Effective Date (provided the Settlement Administrator has provided Defense Counsel with wire instructions, the information described in Section 3.7, and any other information required to facilitate the transfer), Defendant shall remit to the Settlement Administrator the total amount needed to satisfy its obligations under this Agreement, to be held in escrow for the purpose of making payments to Named Plaintiff, the Final Settlement Class members, Class Counsel, and the Settlement Administrator.

**3.10** Within fourteen calendar days of receipt of the funds described in Section 3.9, the Settlement Administrator shall mail the Final Settlement Class members their respective settlement allocation payments to the addresses provided by the Final Settlement Class members on their Claim Forms or at their last known address.

**3.11** The Parties agree that each allocation corresponding to each member of the Final Settlement Class shall be allocated as follows: fifty percent (50%) shall be allocated to the claims asserted in the Civil Action for unpaid overtime and other wage-related damages, and fifty percent (50%) shall be allocated to the claims asserted in the Civil Action for liquidated damages and other relief. The portion allocated to claims for unpaid overtime and other wage-related damages shall be inclusive of all employer payments of taxes, including but not limited to FICA and FUTA taxes, and subject to all required employee paid payroll taxes and deductions

(*e.g.*, federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other required deductions (*e.g.*, garnishments, tax liens, child support). The portion allocated to liquidated damages and other relief shall be characterized as non-wage income to the recipient. The Settlement Administrator will report the wage portion to each Final Settlement Class member on an IRS Form W-2 and the non-wage portion on an IRS Form 1099. The Settlement Administrator shall be responsible for issuing the settlement checks, less required withholdings and deductions, to each member of the Final Settlement Class and mailing the settlement checks, W-2s and 1099s to the members of the Final Settlement Class. The front of each check shall include the following statement: "SIGNED ENDORSEMENT BY NAMED PAYEE IS REQUIRED." The back of each check shall include the following statement above the endorsement: "I understand and acknowledge that I am subject to the settlement agreement and release approved by the Court and am waiving and releasing any and all wage and hour claims under federal, state, and common law."

**3.12**    Each member of the Final Settlement Class will have one hundred and eighty (180) calendar days from the date on which the settlement allocation payments are mailed to negotiate his or her settlement check(s). The Settlement Administrator shall reissue any checks to Final Settlement Class Members that are lost or misplaced during the 180-day period. If any settlement check is not

negotiated in that period of time, that settlement check will be voided, and a stop-payment will be placed on the check. In such event, those Final Settlement Class members will be deemed to have irrevocably waived any right in or claim to their settlement allocation payment, but the Agreement nevertheless will be binding upon them. Unless otherwise required by the relevant state escheatment laws, one hundred percent (100%) of such unclaimed funds shall be remitted to Legal Aid at Work, a non-profit providing legal services to low income workers. Defendant, Defense Counsel, Named Plaintiff, Class Counsel, and the Settlement Administrator shall not have any liability for lost or stolen settlement checks, for forged signatures on settlement checks, or for unauthorized negotiation of settlement checks.

3.13    Within fourteen calendar days of receipt of the funds described in Section 3.9, the Settlement Administrator will make the Attorney's Fees Payment and the Attorney's Expenses Payment by wire transfer or by check delivered to Class Counsel. In advance of the Effective Date, Class Counsel will provide the Settlement Administrator with the tax-payer identification numbers for Class Counsel, executed W-9 forms, and wire instructions.

3.14    The Final Settlement Class members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local taxes on payments received pursuant to this Agreement. The Final Settlement Class members

shall indemnify Defendant and Released Parties, Class Counsel, and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to any failure by them to pay taxes on any amounts paid pursuant to this Agreement. The amount of indemnity as to any individual Final Settlement Class member shall be limited to the amount of consideration paid to that Final Settlement Class member; prior to seeking indemnity, the party seeking indemnification will present the claim to the Final Settlement Class member to provide a defense.

    **3.15**   Except as otherwise provided herein, Named Plaintiff and the Final Settlement Class members shall bear responsibility for their own attorney's fees, costs, and expenses incurred by them or arising out of this Civil Action and will not seek reimbursement thereof from any party to this Agreement or the Released Parties. Named Plaintiff, the Final Settlement Class members and Class Counsel expressly waive any rights that they may have to recover any other attorney's fees, costs and expenses relating to the Civil Action except as awarded by the Court in accordance with this Agreement.

    **3.16**   Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any bonus, pension,

any 401(k) and/or other retirement plans or similar programs of any of the Released Parties.

**4**     **RELEASES**

**4.1**     **Release of Claims by Named Plaintiff and all Final Settlement Class Members.**

      **a)**     By operation of this Agreement and the Approval Order, Named Plaintiff and members of the Final Settlement Class shall hereby irrevocably and unconditionally forever and fully release and covenant not to sue or otherwise pursue claims against Defendant and all Released Parties from any and all Released Claims.

      **b)**     Named Plaintiff, on behalf of herself and all Final Settlement Class members, represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person or entity, any of the Released Claims or any portion thereof or interest therein, including but not limited to, any interest in the Civil Action, or any related action.

**4.2**     **Release of Claims by Named Plaintiff.**

      **a)**     By operation of this Agreement and the Approval Order, and except as provided in Section 4.2(b) of this Agreement, Named Plaintiff, individually and for herself and her successors, assigns, heirs, executors, administrators, agents, representatives, businesses, insurers, subrogees, attorneys, and any other person or entities acting by, through, under or in concert with any of

DocuSign Envelope ID: 2D2695B1A454B1400B3B0d7683D58835E

them, does hereby irrevocably and unconditionally release, acquit, and forever
discharge Defendant and all Released Parties of and from any and all charges,
complaints, claims, liabilities, causes of action, damages and expenses (including
attorney's fees, expenses, costs actually incurred, liquidated damages and interest),
of any kind, whether known or unknown, which she now has, may have or claim to
have, against Defendant or any of the Released Parties, arising out of any matter
occurring or accruing on or at any time before the date she signs this Agreement.
This release and waiver includes, but is not limited to, any claims arising from her
employment with Defendant and/or any of the Released Parties. This release and
waiver includes, but is not limited to: claims arising under federal law, including
claims under the Title VII of the Civil Rights Act of 1964, the Americans with
Disabilities Act, the Family and Medical Leave Act, the Employee Retirement
Income Security Act, the FLSA; claims arising under the laws of any state or any
local law, regulation, statute and/or ordinance operational in any state; claims arising
under common law, tort, policy or contract; claims for retaliation, defamation, libel,
slander, invasion of privacy, or negligence; claims based on theories of strict liability
or respondeat superior; claims for costs, fees, interest, expenses, or attorney's fees;
claims that were asserted or that could have been asserted in this Civil Action; and
any other claims of any kind, except as expressly excluded elsewhere in this
Agreement.

**b)** Named Plaintiff shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished to the fullest extent permitted by law the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release. Plaintiff, for herself, has read Section 1542 of the Civil Code of the State of California, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Named Plaintiff understands that Section 1542 gives Named Plaintiff the right not to release existing claims of which Named Plaintiff are not now aware, unless Named Plaintiff voluntarily chooses to waive this right. Having been so apprised, Named Plaintiff nevertheless voluntarily waives the rights described in Section 1542, and elects to assume all risks for claims that now exist in Named Plaintiff's favor, known or unknown. Named Plaintiff's release of her claims as set forth in this paragraph is a condition precedent to enforcement of the Settlement.

**c)** Notwithstanding the foregoing provisions of Sections 4.2(a) and (b), by virtue of Section 4.2(a) and (b) Named Plaintiff does not release or waive: (i)

any claim under the Age Discrimination in Employment Act; (ii) any claim that she could make for unemployment compensation or workers' compensation benefits; (iii) any rights or claims that cannot be released as a matter of law pursuant to this Agreement and/or the Approval Order; (iv) her right to file an administrative charge with the National Labor Relations Board, Equal Employment Opportunity Commission or similar state agency (although she does waive her right to receive any monetary damages or other relief not explicitly provided for herein as a result of any such charge, to the extent the charge pertains to a claim that was released); and/or (v) any rights or claims that may arise after the date she signs this Agreement.

d)      Named Plaintiff affirms that she has not filed any other charges, complaints, lawsuits claims or actions against Defendant or any of the Released Parties, based on any event that took place prior to the date she signs this Agreement, except as expressly disclosed in this Agreement. In the event there is outstanding any such charge, complaint, claim or action, Named Plaintiff agrees to execute such papers or documents as Defendant determines may be necessary to have such charge, complaint, claim or action withdrawn and dismissed with prejudice.

## 5      ADDITIONAL PROVISIONS APPLICABLE TO NAMED PLAINTIFF

5.1      Except to the limited extent necessary to secure entry of the Approval Order as an Order of Court, Named Plaintiff agrees not to disclose the terms of this Agreement or anything about the negotiations leading up to this Agreement to

anyone except her immediate family members, her attorneys or tax advisors, or anyone to whom she is required by court order to disclose such information. If Named Plaintiff is asked about the Civil Action or this Agreement by any person not meeting these exceptions, she may state only that the dispute has been resolved and that she is not allowed to comment further on the matter. If this Section 5.1 is not approved by the Court, it shall be stricken and all other parts of the Settlement Agreement shall remain in effect.

5.2     Named Plaintiff agrees that in the event of a breach of any of the provisions of Section 5 of this Agreement, Defendant or any of the intended beneficiaries of Section 5 impacted by the breach shall have the right to obtain specific performance of Section 5, from any court of competent jurisdiction and any damages recoverable under the law.

## 6     PARTIES' AUTHORITY

6.1     All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and this Agreement is made with the consent and advice of counsel. Class Counsel represent that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of Named Plaintiff and the Class Members. Named Plaintiff, as the Class Representative, represents that she is fully authorized to enter into this

Agreement and to bind the members of the Final Settlement Class to the terms and conditions thereof.

**6.2** All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations, which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

**6.3** Each member of the Final Settlement Class shall be bound by this agreement executed by the Named Plaintiff.

**6.4** The Agreement will be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## 7 <u>ADDITIONAL PROVISIONS</u>

**7.1** The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement in a reasonable, practicable, and expeditious manner, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

**7.2** The Parties, Class Counsel and Defense Counsel shall all refrain from issuing any press release, website posting, social media or press outreach communicating any information about the Civil Action or this Agreement. By

executing this Agreement, Class Counsel certifies that they have caused to be removed any website associated with the Action, and Class Counsel further agrees not to cause the contents from any website related to the Action to be posted in the future. If contacted by media representatives with respect to the Civil Action or this Agreement, the Parties, Class Counsel and Defense Counsel will say only that the Parties amicably resolved the dispute, without providing additional information or commentary.

**7.3**    Unless otherwise specifically provided herein, all notice, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed to counsel of record in the Civil Action as of the date this Agreement is executed by the Parties.

**7.4**    To be effective, any amendment to the Agreement must be made in writing and signed by counsel for the Parties, and approved by the Court.

**7.5**    This Agreement and its attachments constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between the Agreement and any other document, the Parties intend that this Agreement shall be controlling.

**7.6**     This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of California, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the Court. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

**7.7**     This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

**7.8**     The Named Plaintiff, Class Counsel, and Defense Counsel agree not to encourage or solicit persons to exclude themselves from the settlement class or object to the settlement.

**7.9**     If the Court declines to enter, in the form submitted by the Parties as contemplated under this Agreement (or any amended version agreed upon by the Parties), the Approval Order, or if the settlement as agreed does not become final as defined in this Agreement for any other reason, the Parties agree to meet and confer in an attempt to address the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days. If the Parties are

unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective action and to contest the merits of any claims being asserted in the Civil Action.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _____            _____
                                    Named Plaintiff Lori Johnson
                                    on Behalf of Herself and as
                                    Class Representative

As to form:

Dated: _____            _____
                                    Class Counsel
                                    Crosner Legal, P.C.

Dated: ___12/8/2022___              _____
                                    Insulet Corporation

As to form:

Dated: ___12/09/2022___             _____
                                    Defense Counsel
                                    Littler Mendelson, P.C.
                                    by Shannon R. Boyce

27

unsuccessful, then there shall be no prejudice due to lapse of time to either side and the Parties may proceed with litigation as it existed on the date of the execution of this Agreement. If this Agreement is not approved, the case will proceed as if no settlement had been attempted, and Defendant retains the right to contest whether this case should be maintained as a collective action and to contest the merits of any claims being asserted in the Civil Action.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Agreement on the dates indicated below:

Dated: _09 / 30 / 2022_

_____
Named Plaintiff Lori Johnson
on Behalf of Herself and as
Class Representative

As to form:

Dated: _09/29/2022_

_____
Class Counsel
Crosner Legal, P.C.

Dated: _____

_____
Insulet Corporation

As to form:

Dated: _____

_____
Defense Counsel
Littler Mendelson, P.C.

27

# EXHIBIT A

| Payroll Name | Hire Date | Termination Date | Rehire Date | California |
|---|---|---|---|---|
| | 08/18/2014 | | | |
| | 04/22/2019 | | | |
| | 12/12/2016 | 02/13/2018 | | |
| | 06/18/2018 | | | |
| | 09/17/2018 | | | |
| | 07/23/2018 | | | |
| | 07/01/2019 | | | |
| | 07/09/2018 | | | |
| | 05/14/2018 | | | |
| | 10/29/2012 | 06/16/2017 | | |
| | 06/25/2018 | 12/23/2019 | | |
| | 06/25/2018 | | | |
| | 06/18/2018 | 07/20/2018 | | |
| | 05/20/2019 | | | |
| | 08/04/2017 | 11/16/2018 | | |
| | 05/02/2016 | | | |
| | 05/04/2015 | 06/16/2017 | | |
| | 04/02/2018 | 04/26/2019 | | |
| | 10/28/2019 | | | |
| | 12/18/2018 | | | |
| | 08/04/2017 | | | |
| | 05/01/2017 | | | |
| | 11/04/2013 | 11/12/2018 | | |
| | 03/12/2018 | | | |
| | 10/15/2018 | 03/06/2019 | | |
| | 12/31/2018 | | | |
| | 05/07/2018 | | | |
| | 04/11/2016 | | | |
| | 07/01/2019 | | | |
| | 07/24/2018 | | | |
| | 05/20/2019 | | | |
| | 06/28/2010 | 08/29/2019 | 03/28/2016 | |
| | 06/04/2018 | 05/31/2019 | | |
| | 04/23/2018 | 07/24/2019 | | |
| | 05/28/2019 | | | |
| | 05/14/2018 | 03/04/2019 | | |
| | 08/20/2018 | 02/15/2019 | | |
| | 02/05/2018 | 06/27/2018 | | |
| | 04/08/2019 | | | |
| | 07/17/2017 | | | |
| | 02/26/2018 | | | |
| | 09/11/2017 | 06/08/2018 | | |
| | 06/02/2014 | 05/18/2018 | | |

01/28/2019
07/10/2017
03/03/2014 08/07/2017
12/02/209
12/19/2018 04/10/2019
06/04/2018
05/12/2015
06/25/2018 03/22/2019
06/08/2016 05/04/2018
09/17/2018
06/04/2012
09/12/2016
08/20/2018 10/19/2018
04/14/2008
12/04/2017
07/01/2019
06/06/2016
06/10/2019
10/19/2015
06/05/2017 06/01/2018
10/23/2017 10/18/2018
05/20/2019
03/24/2014 04/21/2017
07/01/2019
07/23/2018
11/16/2009                               07/06/2016
06/18/2018
01/28/2019
10/19/2015 02/01/2019
06/08/2015 12/14/2018
07/22/2019
06/04/2018 08/13/2019
07/01/2019
11/12/2018
10/14/2019
06/12/2017
03/30/2015
04/18/2016
10/29/2012 01/18/2018
02/25/2019
05/13/2019
10/14/2019
03/24/2014                               03/28/2016

| | | |
|---|---|---|
| 02/04/2019 | | |
| 08/19/2019 | | |
| 03/03/2014 | | |
| 06/25/2018 | | |
| 09/28/2015 | 09/14/2018 | |
| 07/23/2018 | | |
| 10/29/2018 | | |
| 09/04/2018 | | |
| 05/02/2016 | 04/13/2018 | |
| 04/01/2015 | | |
| 02/17/2015 | 07/10/2018 | |
| 02/01/2016 | | |
| 02/06/2012 | | |
| 03/03/2014 | | |
| 02/19/2019 | | |
| 09/18/2017 | | |
| 08/19/2019 | | |
| 11/27/2017 | | |
| 01/26/2009 | | |
| 09/06/2017 | 09/26/2018 | |
| 10/28/2019 | | |
| 11/21/2016 | 07/06/2018 | CA |
| 07/18/2011 | 10/11/2019 | |
| 11/26/2018 | | |
| 08/06/2007 | 12/22/2017 | |
| 07/22/2019 | | |
| 07/18/2011 | | |
| 05/21/2018 | | |
| 05/20/2019 | | |
| 04/14/2014 | | |
| 06/02/2014 | 08/09/2017 | |
| 01/09/2017 | | CA |
| 04/07/2014 | | |
| 12/03/2018 | 05/17/2019 | |
| 05/28/2019 | | |
| 06/12/2017 | | |
| 06/11/2018 | | |
| 05/23/2016 | | |
| 09/06/2017 | | |
| 04/25/2016 | | |
| 09/21/2015 | | |
| 07/09/2018 | | |
| 05/20/2019 | | |

| | | |
|---|---|---|
| 01/03/2018 | 03/15/2018 | |
| 11/01/2011 | | 04/29/2019 |
| 02/05/2018 | 07/25/2018 | |
| 08/22/2017 | 03/30/2018 | |
| 07/17/2017 | 01/19/2018 | |
| 09/14/2017 | 05/31/2018 | |
| 10/14/2019 | | |
| 07/13/2015 | 02/05/2019 | |
| 08/07/2017 | | |
| 06/06/2016 | 02/28/2018 | |
| 12/04/2017 | 05/30/2019 | |
| 06/01/2016 | 01/31/2018 | |
| 11/12/2007 | 10/03/2017 | |
| 06/05/2017 | 03/07/2018 | |
| 06/01/2009 | | |
| 07/01/2019 | 11/22/2019 | |
| 09/12/2016 | | |
| 08/04/2017 | 09/06/2019 | |
| 10/10/2016 | 03/30/2018 | |
| 09/18/2018 | | |
| 04/09/2012 | | 08/22/2016 |
| 05/14/2018 | 09/06/2018 | |
| 05/13/2019 | | |
| 10/11/2011 | | |
| 10/20/2014 | | |
| 12/22/2017 | | |
| 02/03/2019 | | |
| 07/01/2019 | | |
| 07/10/2017 | | |
| 04/03/2017 | | |
| 05/20/2019 | | |
| 11/27/2017 | | |
| 02/19/2019 | | |
| 01/03/2017 | | |
| 11/21/2011 | | 12/04/2017 |
| 05/31/2016 | 08/24/2018 | |
| 10/28/2019 | | |
| 12/04/2017 | | |
| 05/13/2019 | | |
| 10/29/2018 | | |
| 06/01/2016 | | |
| 05/16/2011 | | 08/15/2016 |
| 09/04/2018 | | |

07/23/2018
11/14/2016
04/02/2018
06/12/2017 02/19/2019
06/18/2018
06/02/2014
06/05/2017 07/24/2019
10/28/2019
12/31/2018 05/28/2019
10/01/2018
07/01/2019
03/11/2019
08/19/2019
09/20/2010                    03/28/2016
08/11/2015                    07/06/2016
07/10/2017
05/31/2016
08/11/2014 06/07/2017        10/11/2016
12/19/2018 07/18/2019
10/28/2019
11/19/2018
07/10/2017
08/08/2011 01/29/2019
11/27/2017
02/09/2015 10/13/2017
04/08/2019
09/04/2018 06/19/2019
02/04/2019
10/19/2015 05/22/2019
04/21/2014
05/21/2018 07/26/2019
04/01/2019
02/04/2019
05/04/2015
03/03/2014
04/03/2017
06/18/2018 04/01/2019
09/04/2018 10/31/2018
08/19/2019
03/30/2015 02/28/2017
10/23/2017
05/20/2019
07/02/2018

| | | |
|---|---|---|
| 10/27/2014 | | |
| 08/07/2017 | 02/16/2018 | |
| 03/03/2014 | 11/22/2019 | |
| 07/02/2018 | 12/07/2018 | |
| 05/28/2019 | | |
| 06/05/2017 | 05/08/2018 | |
| 11/13/2017 | | |
| 05/07/2018 | | |
| 05/20/2019 | | |
| 07/01/2019 | | |
| 02/19/2019 | 05/01/2019 | |
| 11/23/2015 | 06/27/2019 | |
| 06/01/2016 | | |
| 02/20/2018 | | |
| 04/08/2019 | | |
| 11/04/2013 | | |
| 08/07/2017 | | |
| 09/06/2017 | | |
| 05/20/2019 | | |
| 10/28/2019 | | |
| 06/26/2017 | | |
| 06/12/2017 | | |
| 02/18/2013 | | |
| 07/16/2018 | | |
| 04/29/2019 | | |
| 02/03/2019 | | |
| 06/06/2016 | 01/05/2018 | |
| 07/10/2018 | | |
| 10/23/2017 | | |
| 08/06/2018 | | |
| 06/06/2016 | 03/01/2019 | |
| 07/05/2016 | 04/13/2018 | |
| 04/02/2018 | | |
| 09/18/2017 | | |
| 02/05/2018 | | |
| 01/28/2019 | | |
| 10/24/2016 | 07/27/2017 | CA |
| 10/22/2018 | | |
| 09/04/2018 | | |
| 03/11/2019 | | |
| 07/10/2017 | 05/03/2018 | |
| 05/31/2016 | | |
| 05/13/2019 | | |

# EXHIBIT B

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI JOHNSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSULET CORPORATION, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-05418-VAP-KES |

**NOTICE OF SETTLEMENT FOR _____ IN THE AMOUNT OF: _____**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU WORKED FOR INSULET CORPORATION AS NON-EXEMPT EMPLOYEE IN ANY POSITION, HOWEVER TITLED, PAID BY COMMISSION, IN WHOLE OR IN PART**

TO:    [Class Member Name]
        [Address]
        [Address]

                             Individual Class Member Allocation: $[AMOUNT]

**PLEASE READ THIS NOTICE CAREFULLY.**

      You are entitled to receive money from a settlement agreement in a lawsuit involving Insulet Corporation. The Court approved the settlement as fair and reasonable. If you wish to participate in this settlement and receive your payment, you must sign and return the enclosed Claim Form by [DATE]. All questions or inquiries regarding this notice and the settlement should be directed to Class Counsel, whose contact information is included in this Notice.

## I.     DESCRIPTION OF THE LAWSUIT

In March 2020, Lori Johnson ("Plaintiff") brought this lawsuit against Insulet Corporation ("Defendant") alleging that Defendant violated the Fair Labor Standards Act, the California Business and Professions Code, the California Labor Code, and IWC Wage Orders by failing to pay wages, including overtime compensation). Plaintiff brought this action on behalf of herself and other individuals who worked for Defendant as non-exempt employees in any position, however titled, paid by commission, in whole or in part.

Defendant denies the allegations in the Civil Action. Defendant states that it properly paid its non-exempt employees in compliance with the FLSA, the California Labor Code, and IWC Wage Orders, and any other federal, state, or local wage law.

## II.    HOW THE SETTLEMENT WAS REACHED

During the lawsuit, both sides vigorously presented their legal positions and faced uncertainty as to which side was correct. Considering the risks of litigation and the significant cost associated, Plaintiff and Defendant attended mediation and later reached a settlement of the claims.

During the lawsuit, Defendant provided the pay records and time records for a sampling of the purported class. Using these records, Plaintiff calculated what they believed to be potential amount owed for unpaid wages, and subject to a minimum payment of $50.

After the settlement was reached, the Parties submitted the settlement to the United States District Court for the Central District of California for approval. The Court approved the settlement as fair and reasonable given the circumstances of the case. There is a Settlement Administrator who is responsible for distributing the settlement payments. The Settlement Administrator's contact information is:

[INSERT TPA
Fill in appropriate address]

## III.   YOUR SETTLEMENT AMOUNT

This case has settled. Your individual settlement is based on (1) the number of weeks that you worked for Defendant during the relevant time period, (2) your pay rate, and (3) the number of hours you worked each week. You were then allocated your proportionate share of the settlement, which was subject to a minimum payment of $50. Your Individual Settlement Payment listed at the top of this Notice is subject to a tax breakdown of 50% W-2 wages, and 50% 1099 non-wage income. No tax advice is being provided and you can consult with a tax advisor if you have questions about the tax treatment of this payment.

## IV.    HOW TO CLAIM YOUR SETTLEMENT AMOUNT

Enclosed with this letter is a Claim Form that outlines your rights related to and obligations in order to receive your settlement amount. **You must complete and return the signed Claim Form to the Settlement Administrator by no later than [BAR DATE] in order to receive your**

2

**settlement amount.** If you do not want to receive your settlement payment, you do not need to do anything. If you do not return a fully executed Claim Form by [BAR DATE], you will not participate in the settlement.

## V.    <u>QUESTIONS</u>

Please carefully review this notice and the claim form/release, which apply to your settlement. If you would like a copy of the Court Order approving the settlement or the full Settlement Agreement, you can email or call your attorneys listed below. You do not have to pay the attorneys in order to participate in the settlement. The Court-approved settlement agreement provides that the attorneys will be paid a separate amount, without impacting your individual settlement payment.

Please keep a copy of this Notice for your records.

Chad Saunders
Crosner Legal, P.C.
9440 Santa Monica Blvd., Suite 301
Beverly Hills, California 90210
chad@crosnerlegal.com
510.439.9470

**THIS NOTICE IS AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA. PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

# EXHIBIT C

***Lori Johnson v. Insulet Corporation***
**Civil Action No. 2:20-cv-05418**

## CLAIM FORM

FIRST PAGE OF CLAIM FORM WILL INCLUDE THE FOLLOWING INFORMATION FROM THE SETTLEMENT ADMINISTRATOR: NAME, ADDRESS, AND AMOUNT OF SETTLEMENT PAYMENT. PAGE TO BE FORMATTED BY SETTLEMENT ADMINISTRATOR AND WILL INCLUDE OPPORTUNITY FOR RECIPIENT TO CORRECT NAME AND ADDRESS.

By completing and signing this Claim Form, I verify and affirm the following:

1.      I was employed by Insulet Corporation ("Insulet") as a non-exempt employee in a position that was paid, in whole or in part, by commission, at any time from March 30, 2017 through the present, or as a non-exempt employee who worked in California in a position that was paid, in whole or in part, by commission, at any time from March 30, 2016 through the present.

2.      I understand that a lawsuit, entitled *Lori Johnson v. Insulet Corporation*, Case No. 2:20-cv-05418, was brought in the United States District Court for the Central District of California alleging that Insulet violated the Fair Labor Standards Act ("FLSA"), the California Business and Professions Code, the California Labor Code, and IWC Wage Orders by failing to pay me overtime compensation for hours worked in excess of 40 per week.

3.      I understand that Insulet denies liability in the lawsuit and that it contends that it properly paid all employees for all hours worked.

4.      I hereby consent to join the lawsuit as a party plaintiff and agree to participate in the settlement agreement entered in the lawsuit and approved by the Court on [DATE OF APPROVAL ORDER].

5.      I hereby designate the Class Representative (Lori Johnson) and Class Counsel (Crosner Legal, P.C.) to represent me in the lawsuit and to make decisions on my behalf with respect to the settlement.

6.      I release and discharge (a) Insulet Corporation; and (b) the predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities) of, and all

1

persons acting by, through, under or in concert with, any of the entities identified in subsections (a) and (b) of this section. (the "Released Parties") from any and all claims, demands, and causes of action arising at any time prior to the date on which the Court entered the Approval Order as an Order of Court: (a) that were asserted or that could have been asserted in the Civil Action based on the facts alleged in the complaint; (b) for unpaid wages (including, but not limited to, claims for minimum wage and overtime compensation); and/or (c) for liquidated damages, interest, penalties, attorney's fees, expenses, costs, and any other relief otherwise available under the FLSA or any other state, federal or local laws governing wages or the payment of wages.

I declare under penalty of perjury under the laws of the United States that the foregoing information supplied by the undersigned is true and correct.

_____          _____
Signature                                 Date

_____          _____
Print Name                                Address

_____          _____
Telephone Number                          City / State / Zip Code

**RETURN SIGNED CLAIM FORM TO [INSERT SETTLEMENT ADMINISTRATOR CONTACT INFORMATION] FOR RECEIPT BY THE SETTLEMENT ADMINISTRATOR BY NO LATER THAN [BAR DATE]**

# EXHIBIT D

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI JOHNSON, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>INSULET CORPORATION, a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 2:20-cv-05418-VAP-KES |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE**

Before the COURT is NAMED PLAINTIFF'S unopposed motion for entry of the APPROVAL ORDER as an Order of Court, approving the AGREEMENT and dismissing the CIVIL ACTION with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For good cause shown, and as more fully explained below, the motion is GRANTED as follows:

A.    All capitalized terms in this APPROVAL ORDER have the same meaning as in the AGREEMENT that was attached to NAMED PLAINTIFF'S unopposed motion for entry of the APPROVAL ORDER as an Order of Court.

B.     The COURT has jurisdiction over the claims asserted in the CIVIL ACTION and over the PARTIES to the CIVIL ACTION.

C.     The COURT reviewed the AGREEMENT and concludes that the AGREEMENT is adequate, fair, and reasonable, that it is in the best interests of the PARTIES and the CLASS MEMBERS, and that it should be and hereby is approved. Likewise, the determination of the individual payments as set forth in the AGREEMENT is approved as a fair, equitable, and reasonable allocation of the MAXIMUM GROSS SETTLEMENT AMOUNT. Accordingly, the AGREEMENT which provides for a total settlement of $112,500.00 is hereby approved in accordance with the Fair Labor Standards Act and the California Labor Code, and it shall be administrated in accordance with its terms.

E.     The Court finds the release identified in the AGREEMENT to be fair and reasonable and is approved.

F.     This APPROVAL ORDER and the AGREEMENT are binding on NAMED PLAINTIFF and all members of the FINAL SETTLEMENT CLASS and DEFENDANT.

G.     This CIVIL ACTION is hereby DISMISSED in its entirety, on the merits, and WITH PREJUDICE, without costs to any party, except to the extent otherwise expressly provided in the AGREEMENT.

**IT IS SO ORDERED.**


**DATE:** _____     _____

                                      **UNITED STATES DISTRICT JUDGE**

# EXHIBIT 2

*Johnson v. Insulet, Inc.*
**Crosner Legal Time Report**

| Tasks | Blake R. Jones | Zachary Crosner | Michael Crosner | Chad Saunders |
|---|---|---|---|---|
| Pre-filing Case Investigation | 1.1 | 12.6 | 4.5 | 0.0 |
| Pleadings and Law and Motion | 2.1 | 6.5 | 4.1 | 1.5 |
| Discovery and Post-Filing Investigation | 1.3 | 3.5 | 1.7 | 12.2 |
| Court Appearances | 0.0 | 0.0 | 0.0 | 0.0 |
| Case Management; Litigation Strategy & Analysis | 5.9 | 13.2 | 7.1 | 5.7 |
| Mediation and Settlement | 10.2 | 3.4 | 2.7 | 7.2 |
| Total Hours | 20.6 | 39.2 | 20.1 | 26.6 |
| Hourly Rate | $850 | $750 | $900 | $750 |
| **Lodestar** | **$17,510.00** | **$29,400.00** | **$18,090.00** | **$19,950.00** |

**Total Hours: 106.5**
**Total Lodestar: $84,950**